NORTH CAROLINA STATE HIGHWAY COMMISSION v. WESLEY SWANN
AND WIFE, SADIE SWANN.

(Filed 22 September, 1965.)

APPEAL by defendants from *Campbell, J.,* February-March, 1965 Civil Session, BUNCOMBE Superior Court.

The State Highway Commission instituted this proceeding to condemn for highway purposes an easement in perpetuity over a certain lot of land owned and occupied by the defendants in the City of Asheville. The lot contained 1.78 acres and the easement covered 0.77 acres. The Commission filed its declaration of taking and deposited the sum of $3,500.00 as its estimate of the just compensation due for the taking. The defendants refused to accept the tender, alleged they were due $15,000.00, and demanded a jury trial.

In the Superior Court both parties offered evidence. According to the Commission's witnesses the defendants were due $1,700.00 to $2,-100.00; according to the defendants' witnesses, $14,500.00 to $15,000.00. The jury awarded the defendants $2,000.00. From judgment on the verdict, they appealed.

*T. W. Bruton, Attorney General, Harrison Lewis, Deputy Attorney General, William W. Melvin, Assistant Attorney General, Millard R. Rich, Jr., Trial Attorney, Lamar Gudger, Associate Counsel for the State.*

*Robert S. Cahoon for defendant appellants.*

PER CURIAM. The defendants assign as error the admission of certain evidence offered by the plaintiff and the exclusion of certain evidence offered by the defendants. The assignments are not sustained insofar as they relate to the evidence admitted by the court. The evidence appears to have been competent for the purposes for which it was offered.

Insofar as the assignments relate to the evidence which the court excluded, the assignments cannot be sustained for the reason that the record fails to disclose what the witnesses would have testified to if permitted. Hence, error in the exclusion of evidence does not appear. *N. C. State Highway Comm. v. Privett*, 246 N.C. 501, 99 S.E. 2d 61.

The refusal of the court to set aside the verdict was discretionary and, in the absence of abuse is not subject to review. In the trial and judgment, we find

No error.